### MOTION PICTURES FOR TELEVISION, Inc. v. GULFPORT BROADCASTING CO.

Court of Record, Escambia County.

December 19, 1958.

Jones & Harrell, Pensacola, for plaintiff.

Yonge, Beggs & Lane, Pensacola, for defendant.

WOODROW M. MELVIN, Judge.

On July 21, 1958, in the supreme court of the state of New York, County of New York, the plaintiff obtained judgment against the defendant in the sum of $24,220.07, and plaintiff now seeks summary judgment in its suit here to enforce the New York judgment. The basis for the motion for summary judgment is the affidavit of plaintiff's secretary and general counsel, Arnold C. Stream, who represented plaintiff in the proceeding in the supreme court of New York. By this affidavit, and the exhibits thereto attached, the attention of this court is directed to certain contracts of date Oct. 5, 1953, and proceedings in arbitration that concluded in the entry of an arbitration award. The New York judgment was bottomed upon the arbitration award.

The defendant did not participate in the arbitration proceedings in New York—it was not served with process of the state of New York, and did not participate in the judicial proceedings in the court that entered the judgment here sought to be enforced.

The contracts in question and executed by the defendant contained this provision—

"Any and all disputes which shall arise from this agreement, its interpretation or performance, shall be submitted to arbitration under the current rules and regulations of the American Arbitration Association, and the decision of the arbitrators shall be binding and conclusive upon both parties".

The defendant, by its president, has filed its affidavit in opposition to plaintiff's motion for summary judgment, and to such affidavit defendant has attached the two contracts referred to by plaintiff.

It is here contended by the plaintiff that under Article 84, Civil Practice Act, State of New York, the contract provision above quoted obligated the defendant to arbitrate with plaintiff and that the parties thereby consented to the jurisdiction of the New York courts to enter judgment based upon the decision of the arbitration board.

The contracts above mentioned were executed by the plaintiff in its capacity as agent for various designated principals. In the arbitration proceeding, and the New York judicial proceeding based thereon, plaintiff proceeded upon the assumption that the defendant

was obligated by contract to arbitrate with the agent, rather than with the designated principals, and the supreme court of New York proceeded to enter judgment apparently upon the same theory.

If the defendant is obligated to arbitrate differences arising under these contracts, such arbitration may be demanded only by the principals to the contract, and not by the agent that executed the same for such principals. See Restatement of Law of Agency, paragraph 72D, page 171; 3 American Jurisprudence, Arbitration and Award, paragraph 21, page 848; Application of Eimco Corporation, 163 N.Y.S. 2d 273.

Since defendant did not agree to arbitrate with the agent, Motion Pictures for Television, Inc., that agent was without authority to effectively set in motion the arbitration proceedings. The arbitrators had no jurisdiction of the defendant and their proceedings was a nullity. It follows that the judgment of the supreme court of New York, New York County, is void for lack of jurisdiction of the defendant.

It is therefore ordered, adjudged and decreed that summary judgment be and the same is hereby entered in favor of the defendant, and the complaint is hereby dismissed with prejudice.